UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Z.J.,<br>Plaintiff,<br><br>v.<br><br>THE VANDERBILT UNIVERSITY,<br>Defendant. | Case No. 3:17-cv-00936<br><br>Judge Crenshaw<br><br>Magistrate Judge Holmes |

### MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Vanderbilt University ("Vanderbilt" or "the University") hereby moves to dismiss Plaintiff's Amended Complaint. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. Z.J. asserts ten federal and state law claims based on Vanderbilt's decision to expel him for violating its Sexual Misconduct Policy.[1] None of Z.J.'s claims provides a basis for this Court to second guess Vanderbilt's disciplinary determination.

As explained more fully in Defendant's Memorandum in Support of this Motion, Defendant submits as follows:

(1) Z.J's Title IX claims (Count III and the first Count V, Am. Compl. ¶¶ 133-143, 154-158) fail to plausibly plead discrimination on the basis of sex and seek relief that cannot be granted.

---

[1] Some of Z.J.'s claims are misnumbered and mislabeled. There are two counts labeled Count V, and no Count VIII. Count III does not involve any allegations related to the Clery Act; the second Count V addresses only negligence, not negligence *per se*; and Count VI addresses negligence *per se*, not just the Clery Act.

(2) Z.J.'s contractual and quasi-contractual claims (Counts I, II, and X, Am. Compl. ¶¶ 96-132, 173-175) fail to identify a contractual or quasi-contractual obligation that Vanderbilt violated. Even assuming *arguendo* that Vanderbilt's Sexual Misconduct Policy is an enforceable implied contract, Z.J. has not plausibly alleged a single respect in which Vanderbilt's handling of his case materially violated its obligations under the Policy.

(3) Z.J. fails to plausibly allege essential elements of each of his state-law tort claims (Count IV, the second Count V, and Counts VI-IX, Am. Compl. ¶¶ 144-153, 159-172). Vanderbilt owes Z.J. no duty of care beyond that assumed by contract, so the negligence-based claims necessarily fail. The intentional infliction of emotional distress claim identifies no action by the University that could be considered "outrageous," "extreme," "atrocious," or "utterly intolerable." And the defamation claim insufficiently alleges the essential element of publication.

For the reasons stated above and in its accompanying Memorandum, Defendant respectfully submits that Z.J.'s Amended Complaint should be dismissed in its entirety.

Dated this 19th day of June, 2017.

Respectfully submitted,

By: s/ Tim K. Garrett
Tim K. Garrett (BPR# 012083)
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6270 (phone)
(615) 742-2770 (fax)
tgarrett@bassberry.com

Bruce M. Berman (*pro hac* pending)
Danielle Conley (*pro hac* pending)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000 (phone)
(202) 663-6363 (fax)
bruce.berman@wilmerhale.com
danielle.conley@wilmerhale.com

Sheree C. Wright (BPR# 011195)
Senior Associate General Counsel
Office of the General Counsel
Vanderbilt University
2100 West End Avenue, Suite 750
Nashville, TN 37203
sheree.wright@vanderbilt.edu

*Attorneys for The Vanderbilt University*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of June, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to:

Rob McKinney
One Washington Square, Suite 400
214 Second Avenue North
Nashville, TN 37201
rob@maymckinneylaw.com

                                                s/ Tim K. Garrett
                                                Tim K. Garrett