IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| Z. J., | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 3:17-cv-00936 |
| (THE) VANDERBILT UNIVERSITY, | ) Crenshaw/Holmes |
|     Defendant. | ) |

## PLAINTIFF'S REPONSE TO DEFEDANT'S MOTION TO DISMISS

Plaintiff respectfully request that the Court deny Defendant's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

In Defendant's Motion to Dismiss, University asserts that Z.J. failed to sufficiently plead a valid cause of action for all counts. In response, Z.J. respectfully submits that the motion to dismiss is completely without merit, and that Z.J. has sufficiently pled his case as required by the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

The relevant facts are set forth in the allegations of the complaint, which are incorporated by reference. Plaintiff's well-pleaded allegations must be taken as true for the purpose of the University's motion.[1]

## STATUTORY SCHEME

The issue of sexual assaults on college and university campuses is addressed by two separate acts of Congress: (a) Title IX of the Education Amendments of 1972, 20 U.S.C. §§

---

[1] *Trezbuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

1

1681-1688 ("Title IX"); and (b) The Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics Act, 20 U.S.C. § 1092(f) ("Clery Act").

### A. Title IX

Title IX applies to all public and private educational institutions that receive federal funds, including colleges and universities. The statute prohibits discrimination on the basis of sex in a school's "education program or activity," which includes all of the school's operations. 20 U.S.C. §§ 1681(a),1687. A school specifically agrees, as a condition for receiving federal funds, to operate all of its programs and activities in compliance with Title IX and the Department of Education's Title IX regulations. The University is a recipient of federal funds and is so bound.

Sexual harassment is a form of sex discrimination prohibited by Title IX. Sexual harassment is defined for Title IX purposes as unwelcomed conduct of a sexual nature that includes sexual intercourse, sexual assault, and rape. Student-on-student sexual harassment is prohibited by Title IX, as are other forms of sexual harassment.[2] Both the Department of Education and the Department of Justice have promulgated regulations under Title IX that require a school to "adopt and publish grievance *procedures providing for the prompt and equitable resolution of student…complaints* alleging any action which would be prohibited by" Title IX or regulations thereunder, 34 C.F.R. § 106.8(b) (Dep't of Education); 28 C.F.R. § 54.135(b) (Dep't of Justice) (emphasis added). Such prohibited actions comprise all forms of sexual harassment, including sexual intercourse, sexual assault, and rape.[3]

---

[2] *See generally* U.S. Dep't of Education, Office for Civil Rights, *Revised Sexual Harassment Guidance: Harassment of Students by School Employees, Other Students, or Third Parties—Title IX* (2001) (hereinafter "*Revised Sexual Harassment Guidance*") at 2-3 & nn.2, 3, 6, 8, 20 (notice of publication at 66 Fed. Reg. 5512 (January 19, 2001).

[3] *Id.* at 19-20, 21 & nn.98-101.

2

The procedures adopted by a school covered by Title IX must only "*ensure* the Title IX rights of the complainant," but must also "*accord [] due process to both parties involved…*"[4] The "prompt and equitable" procedures that a school must implement to "accord due process to bother parties involved" must include, at a minimum:

- "Notice…of the procedure, including where complaints may be filed";
- "Application of the procedure to complaints alleging [sexual] harassment…";
- "Adequate, reliable, and impartial investigations of complaints, including the opportunity to present witnesses and other evidence";
- "Designated and reasonably prompt timeframes for the major stages of the complaint process"; and
- "Notice to the parties of the outcome of the complaint…"[5]

A school also has an obligation under Title IX to make sure that all employees involved in the conduct of the procedures have "adequate training as to what conduct constitutes sexual harassment," which included "alleged sexual assaults."[6]

### B. Clery Act

The Clery Act mandates that school receiving federal funding create and publish procedures for complaints involving charges of sexual assault. A school is required to have a written statement of policy[7] detailing such procedures. That policy must have, at a minimum,

> [p]rocedure for on-campus disciplinary action in cases of alleged sexual assault, which include a clear statement that –
>
> (I)  The accuser and the accused are entitled to the same opportunities to have others present during a campus disciplinary proceeding; and

---

[4] *Id.* at 22 (emphasis added).
[5] *Id.* at 20.
[6] *Id.* at 21.
[7] 20 U.S.C. § 1092(f)(8)(A)(ii).

3

> (II) Both the accuser and the accused shall be informed of the outcome of any campus disciplinary proceeding brought alleging a sexual assault. [8]

Under the Clery Act, a "forcible" sexual offense is defined as "[a]ny sexual act directed against another person, forcibly and/or against that person's will; or not forcibly or against the person's will where the victim is incapable of giving consent."[9]

## THE FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court with "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true and draw all reasonable inferences in favor of the plaintiff."[10] The Federal Rules of Civil Procedure require only that a plaintiff provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and grounds upon which it rests."[11] The court must determine only whether "the claimant is entitled to offer evidence to support claims," not whether the plaintiff can ultimately prove the facts alleged.[12]

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level."[13] To establish the "facial plausibility" required to "unlock the door of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."[14] "Only a complaint that states a plausible claim for relief survives a motion to

---

[8] *Id.* (8)(B)(iv). *See also* 34 C.F.R. § 668.46(b)(vi) (similar).
[9] 34 C.F.R. Pt. 668, Subpt. D, App. A.
[10] *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002); *W.H. v. Tenn. Dep't of Educ.*, 2016 U.S. Dist. LEXIS 7206, *20-21 (M.D. Tenn. Jan. 20, 2016.
[11] *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).
[12] *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506, 511, 122 S. Ct. 992, 152 L. Ed. 2d 1(2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974))
[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1995, 167 L.Ed. 2d 929 (2007).
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

dismiss."[15] Moreover, a court "cannot dismiss for factual impossibility 'even if it strikes a savvy judge that…recovery is very remote and unlikely."[16]

## ARGUMENT

### I. Plaintiff Has Stated a Claim for Violation of Title IX

Defendant argues Z.J. has failed to meet his burden because his sex discrimination allegations are entirely conclusory. Vanderbilt further explains, "a plaintiff challenging a university's disciplinary process under Title IX must allege some facts that "tend to show the influence of genders," such as "statements by members of the disciplinary tribunal [or] statements by pertinent university officials" or discriminatory "patterns of decision-making."[17] The Amended Complaint does contain factual allegations.[18] Defendant is hypercritical of the fact Z.J. did not present a "discriminatory pattern of decision-making." At this point in time, the facts known to Plaintiff are limited until discovery is conducted. Z.J. does not have access to past investigations conducted by EAD at Vanderbilt. Therefore, it is unreasonable to require Plaintiff to provide such evidence so early in the proceedings.

Vanderbilt utilizes case law to discretely persuade the Court to dismiss this case on the basis of recoverability, which is not appropriate under the Federal Rule of Civil Procedure 12(b)(6). Defendant attempts to persuade this Court discredit Z.J.'s sexual bias allegations on the basis sexual assault victims can be male or female. Meaning, bias in favor of alleged victims of sexual assault and against students accused of sexual is not equivalent to gender bias. Statistically, the majority of sexual assault victims are female, which arguably creates a

---

[15] *Id.* at 679, *Twombly*, 550 U.S. at 556.
[16] Courie v. Alcoa Wheel & Forged Prods.,
[17] *Doe v. Case W. Reserve Univ.*, 2015 WL 5522001, at *6 (Ohio Sept. 16, 2015) (quoting *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2nd Cir. 1994)
[18] We respectfully request the Court to refer to paragraph 102-127 in Amended Complaint which will illustrate specific facts to support Z.J.'s claims.

5

presumption sexual assault victims are generally female. Z.J. does not provide any proof that Vanderbilt's process would have operated any differently if a female student were accused of sexual misconduct. Without access to Vanderbilt's past sexual assault investigations, Plaintiff had no means of extracting any direct evidence to present in response to that specific argument. Z.J. identified the EAD's blatant disregard for all the evidence and statements he presented to the investigator to illustrate bias towards the female victim.[19]

Vanderbilt asserts that Z.J. does not explain how public scrutiny creates a bias against male students. Under the Federal Rule of Civil Procedure 8(a)(2), the plausibility standard, for complaint to survive motion to dismiss for failure to satisfy short and plain statement requirement, is not akin to probability requirement, but asks for more than sheer possibility that defendant has acted unlawfully. Therefore, Plaintiff is not required to explain and detail every causal link to bias. Additionally, Plaintiff is not accrediting bias solely to negative media attention. Z.J. is merely identifying the media as an explanation as to why Vanderbilt projects gender bias attitudes in sexual misconduct cases.

Throughout the Defendant's Motion to Dismiss, Vanderbilt repeatedly asserts Z.J. failed to allege any specific facts to support his claims. Yet, Defendant immediately argues why the facts do not support any recovery.

## II. Z.J. Stated A Claim for Breach of Contract, Promissory Estoppel, or Unjust Enrichment

Defendant "Vanderbilt assumes *agruendo* in response to the Motion that the Handbook creates an implied contract under Tennessee law." *Atria v. Vanderbilt Univ.*, 142 F. App'x 246, 255 (6th Cir. 2005). Therefore, any argument to the contrary is moot. Vanderbilt repeatedly

---

[19] *See* Am. Compl. ¶102.

asserts Z.J. did not allege a single fact demonstrating a breach.[20] Plaintiff identifies several issues such as the blatant disregard for relevant information presented by Z.J. Yet Vanderbilt failed to acknowledge the facts clearly set out in the Amended Complaint or explain why reports from its own police department and hospital were not relevant to the investigation. Such disregard arguably violates the promise of fundamental fairness ensured by Vanderbilt's Policy. Defendant does not dispute a promise of fundamental fairness exists in its policy.

Vanderbilt is hypercritical of the fact Z.J. did not review or comment on the *preliminary* report, but not challenges the findings of the *final* report. Defendant furthers explains that there's no "*Brady*-like duty to disclose exculpatory evidence. Plaintiff is arguing the obligation to disclose potentially exculpatory evidence coincides and aids in maintaining an unbiased investigation and fundamental fairness. Vanderbilt further asserts that the fact the comments were not attached to the final report did not affect Z.J.'s ability to participate fully in EAD's investigation. Plaintiff could not fully participate in an investigation when he did not know all of the fats, especially if those facts ultimately led to a finding of sexual misconduct.

The Policy provides for the investigator to interview only such witnesses who "may have pertinent knowledge." Defendant argues the EAD has the discretion of who to interview because the term "may" is used. The Department of Education asserts that each school "must conduct an adequate, reliable, and impartial investigation."[21] The Department of Education asserts that the parties have the right to present witnesses and evidence.[22]

The Defendant's Motion to Dismiss asserts that Z.J. alleged no facts supporting that Vanderbilt violated the Sexual Misconduct Policy. Plaintiff alleges a number of fact that suggest

---

[20] *See* Am. Compl. ¶ ¶ 102-127.
[21] U.S. Dep't of Education, Office for Civil Rights, *Know Your Rights: Title IX Requires Your School to Address Sexual Violence* at 1-2 (April 29, 2014).
[22] *Id.*

7

bias. Vanderbilt misinterpreted Z.J.'s argument presented in paragraph 102 of the Amended Complaint.[23] Plaintiff does not allege the violation occurred by opening up an investigation, but rather that the EAD only considered the statements that supported a finding of sexual misconduct.

The Defendant argues that Z.J. failed to provide facts supporting an unbiased decisionmaker. Yet acknowledge the fact that Z.J. suggested bias on the part of EAD and Appellate Officer's consideration of A.H. statements and declined to give his statement the same consideration. Defendant stated, "the Court must draw reasonable inferences in the plaintiff's favor, it "need not indulge in unreasonable inferences."[24] Vanderbilt is quick to state these facts do not demonstrate bias, but fail to adequately demonstrate why.

Defendant declares Z.J.'s quasi contract claims insufficient because he does not allege that Vanderbilt promise him anything other than to follow the procedures. It is unnecessary for Plaintiff to identify irrelevant promises. The relevant obligations pointed out throughout the Amended Complaint are enough to satisfy the requirement under the Federal Rules of Civil Procedure.

### III. Z.J. Stated A Claim for Negligence, Negligence *Per Se*, or Gross Negligence

Vanderbilt conceded that Z.J. does have a relationship with the university that is "contractual in nature."

### IV. Z.J. Stated a Claim for Intentional Infliction of Emotional Distress and Defamation

---

[23] "Vanderbilt's breach of its obligations under the Sexual Misconduct Policy to conduct an appropriate investigation began with the Equal Opportunity, Affirmative Action, and Disability Services office's (EAD) disregard for the statements set out in the police reports and medical reports that came directly from licenses and trained individuals. These statements include those made by the Detective who "ruled out any non-consensual contact," and the statements made by the Nurse who stated that the bruises on A.H.'s thigh area were "tiny, pinpoint" and "not related to the incident." The EAD violated the promise of fundamental fairness and implied covenant of good faith and fair dealing by refusing to observe the totality of the circumstances." Am. Compl. ¶ 102.
[24] *Doe v. Cummins,* 662 F. App'x at 453-454; *Mixon v. Ohio*, 193

In Defendant's Motion to Dismiss, Vanderbilt asserts that Z.J. failed to sufficiently plead a valid cause of action for intentional infliction of emotion distress. Moreover, Defendant argues Vanderbilt did nothing that would be considered "outrageous" and asserts expulsion for sexual misconduct is not outrageous. In response, Z.J. respectfully submits that the Vanderbilt's is misconstruing the allegations. Plaintiff is allegedly that the conduct towards him during the investigation and appeal that led to his expulsion was outrageous behavior.[25] Defendant claims to have responded to A.H.'s complaint by "conducting an investigation" and "reviewing relevant evidence" and reaching a conclusion of sexual misconduct. Vanderbilt ignored relevant reports conducted by Vanderbilt's police department and hospital. Defendant ignored these reports because they did not illustrate sexual misconduct. The EAD justifies its finding of sexual misconduct on the basis that A.H. was more credible than Z.J. Unlike A.H, Z.J. provided reports from employees of Vanderbilt itself. The EAD in essence found that the Vanderbilt Police Department and Hospital reports were not as credible as A.H.'s statements. The only explanation for the determination points directly to a bias against men in sexual misconduct investigations.

Additionally, Vanderbilt asserts that Z.J.'s defamation claim also fails because he has not alleged publication. Plaintiff will concede that the Director of Student Accountability is not a third party. However, Z.J. still specifically alleged defamatory statements were published to multiple third parties via the Vanderbilt warning system.[26] The Federal Rules of Civil Procedure do not dictate that Z.J. is required explain every aspect of the publication.

---

[25] Am. Compl. ¶ 171.
[26] Am. Compl. ¶ 151.

9

## **CONCLUSION**

For the foregoing reasons, this Court should deny the Defendant's Motion to Dismiss in its entirety.

Respectfully submitted,

s/ *Rob McKinney*
Rob McKinney (#16807)
One Washington Square, Suite 400
214 Second Avenue North
Nashville, TN 37201
(615) 256- 7337
rob@maymckinneylaw.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing document has been forwarded by electronic means via the Court's electronic filing system and/or by first-class, United State mail, postage prepaid, on July 14, 2017.

Tim K. Garrett (BPR#012083)
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200
tgarrett@bassberry.com

Bruce M. Berman (*pro hac* motion pending)
Danielle Conley (*pro hac* motion pending)
WILMER CULTER PICKERING HALE AND
 DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000 (phone)
(202) 663-6363 (fax)
Bruce.berman@wilmerhale.com
Danielle.conley@wilmerhale.com

Sheree C. Wright (BPR# 011195)
Senior Associate General Counsel
Office of the General Counsel
Vanderbilt University
2100 West End Avenue, Suite 759
Nashville, TN 37203
Sheree.wright@vanderbilt.edu

                                                  _____
                                                  Rob McKinney

11

Case 3:17-cv-00936   Document 14   Filed 07/14/17   Page 11 of 11 PageID #: 399