IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| Z.J. | ) | |
| | ) | |
| v. | ) | NO. 3:17-0936 |
| | ) | Crenshaw/Holmes |
| THE VANDERBILT UNIVERSITY | ) | |

**O R D E R**

Pending before the Court are various motions filed by Defendant (Docket Nos. 32, 33, and 34) seeking to either continue the initial case management conference or allow for telephonic participation by pro hac vice counsel. For the reasons stated herein, the motions are DENIED except to the extent provided herein and GRANTED in part as provided herein.

This case has been pending for almost a year (Docket No. 1) without any case management plan in place. Generally, the Court is disinclined to continue initial case management conferences because of pending Rule 12(b)(6) motions to dismiss because doing so as a general practice would create scheduling chaos given the number of cases in which Rule 12(b)(6) motions are routinely filed. Although the Court accepted the parties' agreement in August of 2017 to postpone the initial case management conference pending disposition of Defendant's motion to dismiss, the additional time that has passed makes it necessary to proceed with more orderly case management. The Court is confident that the experienced attorneys in this case can structure a proposed case management plan that accounts for the pending motion. Defendant's request to postpone the initial case management conference until after a ruling on the pending Rule 12(b)(6) motion is DENIED.

Regarding Defendant's request for alternative relief, the Court first notes that five attorneys have entered appearances on behalf of Defendant, and Defendant offers no good reason why the

other four attorneys cannot accommodate Mr. Garrett's conflict. The Court also notes that Defendant chose to remove this case to federal court, and should therefore expect that its out-of-town counsel will be required to participate in proceedings here. Additionally, the Court does not generally permit telephonic participation at initial case management conferences, and finds no reason to depart from that rule in this case. Further, although only one attorney from the Nashville law firm representing Defendant has entered an appearance, there is ample depth in that firm's litigation practice group to allow for coverage by another attorney within the firm.

Nevertheless, the Court will grant a short continuance of the initial case management conference, which shall be RESCHEDULED for **Monday**, **May 14, 2018, at 1:30 p.m.**, in Courtroom 764, 801 Broadway, Nashville, Tennessee. No other continuances will be granted.

By no later than three (3) business days prior to the initial case management conference, the parties shall file a proposed joint case management order, and shall email a copy in Word format to Ms. Jeanne Cox, Courtroom Deputy, at Jeanne_W_Cox@tnmd.uscourts.gov.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge