IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| Z. J., | ) |
|     Plaintiff, | ) ) ) |
| v. | )    Case No. 3:17-CV-00936 |
| (THE) VANDERBILT UNIVERSITY, | ) )    CRENSHAW/HOLMES |
|     Defendant. | ) ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT, VANDERBILT UNIVERSITY'S, MOTION TO DISMISS**

Plaintiff, Z.J., respectfully submits this Response in Opposition to Defendant, Vanderbilt University's, ("Vanderbilt" or "the University") Motion to Dismiss the Plaintiff's (Second) Amended Complaint, and would respectfully request this Honorable Court deny the Defendant, Vanderbilt University's, Motion to Dismiss in the above referenced cause.

### I.    INTRODUCTION

Defendant, Vanderbilt University's, Motion to Dismiss, Vanderbilt asserts that the Plaintiff, Z.J., failed to state a claim upon which relief can be granted. Vanderbilt asserts:

(1) Z.J's Title IX claims (Counts III, V, and XI-XIC, 2d Am. Compl. ¶¶ 138-148, 159-163, and 181-203) fail to plausibly plead discrimination on the basis of sex and seek relief that cannot be granted.[1]

(2) Z.J.'s contractual and quasi-contractual claims (Counts I, II, and X, 2d Am. Compl. ¶¶ 101-137, 178-180) fail to identify a contractual or quasi-contractual obligation that Vanderbilt violated. Even assuming *arguendo* that Vanderbilt's Sexual Misconduct Policy is an enforceable implied contract, Z.J. has not

---
[1] See Defendant Vanderbilt's Second Motion to Dismiss.

1

plausibly alleged any respect in which Vanderbilt's handling of his case materially violated its obligations under the Policy. [2]

(3) Z.J. fails to plausibly allege essential elements of each of his state-law tort claims (Count IV and Counts VI-IX, 2d Am. Compl. ¶¶ 159-158, 164-177). Vanderbilt owes Z.J. no duty of care beyond that assumed by contract, so Z.J.'s negligence-based claims necessarily fail. Z.J.'s intentional infliction of emotional distress claim identifies no action that could be considered "outrageous," "extreme," "atrocious," or "utterly intolerable." Z.J.'s defamation claim insufficiently alleges the essential element of publication. [3]

## II.   ARGUMENT

## THE FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true and draw all reasonable inferences in favor of the plaintiff."[4] The Federal Rules of Civil Procedure require only that a plaintiff provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and grounds upon which it rests."[5] The court must determine only whether "the claimant is entitled to offer evidence to support claims," not whether the plaintiff can ultimately prove the facts alleged.[6]

---

[2] See Defendant Vanderbilt's Second Motion to Dismiss.
[3] See Defendant Vanderbilt's Second Motion to Dismiss.
[4] *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002); *W.H. v. Tenn. Dep't of Educ.*, 2016 U.S. Dist. LEXIS 7206, *20-21 (M.D. Tenn. Jan. 20, 2016).
[5] *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).
[6] *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506, 511, 122 S. Ct. 992, 152 L. Ed. 2d 1(2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974))

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." [7] To establish the "facial plausibility" required to "unlock the door of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."[8] "Only a complaint that states a plausible claim for relief survives a motion to dismiss."[9] Moreover, a court "cannot dismiss for factual impossibility 'even if it strikes a savvy judge that…recovery is very remote and unlikely."[10]

In *Bell Atlantic Corporation, et al. v. Twombly*, 550 U.S. 544 (2007), the Court opined that, "stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of an illegal agreement.

Z.J. asserts the Court does not require heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face. [11]

---

[7] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1995, 167 L.Ed. 2d 929 (2007).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).
[9] *Id.* at 679, *Twombly*, 550 U.S. at 556.
[10] Courie v. Alcoa Wheel & Forged Prods.,
[11] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1995, 167 L.Ed. 2d 929 (2007).

## **PLAINTIFF STATES SUFFICIENT CLAIMS BASED ON GENDER DISCRIMINATION AND SEEKS ADEQUATE AND APPROPRIATE RELIEF**

Plaintiff asserts the complaining witness and Plaintiff were similarly situated, intoxicated students. Plaintiff adequately supports his claim of gender discrimination throughout the complaint as a whole, setting forth the following specific examples, which include:

a. Defendant Vanderbilt imposed a disciplinary sanction of expulsion against the Plaintiff due to his gender, which was disproportionate and excessive compared to the severity of charges leveled against him and without any consideration of his clean disciplinary record. (2d Am. Compl. ¶ 147)

b. Plaintiff asserts that the Plaintiff and complaining witness were similarly situated, intoxicated students who engaged in consensual "petting" and kissing. (2d Am. Compl. ¶ 184)

c. Defendant investigated Plaintiff's conduct but did not investigate the complaining witness's conduct after obtaining information indicating she, too, may have violated the policy. (2d Am. Compl. ¶ 185)

d. Paragraphs 190-193 all allege that Defendant's actions were gender biased against Plaintiff. (2d Am. Compl. ¶¶ 190-193)

e. Defendant Vanderbilt was subjected to a prior, nationally publicized incident of sexual misconduct by male students, causing Defendant to be overzealous in the prosecution and expulsion of Plaintiff based on his gender. (2d Am. Compl. ¶ 197)

f. Plaintiff asserts the Defendant, through the EAD Board, found the complaining witness more credible that Plaintiff based solely on gender. (2d Am. Compl. ¶¶ 201-202)

4

The relief sought by Plaintiff is reasonable and appropriate based on the facts alleged in the Second Amended Complaint. Specifically, part of the relief sought includes, "As a result of the foregoing, Plaintiff requests, pursuant to 28 U.S.C. § 2201, that this Honorable Court orders the following: (1) Defendant reverses its outcome and findings; (2) Plaintiff's disciplinary record be expunged; (3) the record of Plaintiff's expulsion from Defendant Vanderbilt be removed; and (4) and record of Plaintiff's EAD hearing and appeal be permanently destroyed." (2d. Am. Compl. ¶148.) All of the relief sought in this particular Count and paragraph is within the realm of power Defendant Vanderbilt can exercise to make right the rush to expel Plaintiff from the university based on his gender.

Therefore, Plaintiff Z.J. submits he sufficiently pled discrimination on the basis of sex throughout the Amended Complaint and is seeking appropriate and adequate relief.

## PLAINTIFF STATES FACTS SUFFICIENT TO ALLEGE BREACH OF CONTRACTUAL AND QUASI-CONTRACTUAL CLAIMS AND SEEKS ADEQUATE AND APPROPRIATE RELIEF

Plaintiff identifies breach of contractual and quasi-contractual claims violated by Vanderbilt in that Vanderbilt violated the promise of fundamental fairness ensured by Vanderbilt's own policies, as well as, stripping the Plaintiff of his degree, which he rightfully earned.

Plaintiff specifically alleges throughout his Second Amended Complaint that Vanderbilt and Plaintiff had a contract upon his acceptance into the University. (2d Am. Compl. ¶¶ 101-137 and 178-180. Vanderbilt's investigation was gender biased, mishandled, overzealous and unfair based on Vanderbilt's prior and unrelated experience with a high profile incident occurring on campus that involved multiple male students exerting sexual power over a female student. Vanderbilt ignored all common sense, facts, law enforcement opinions, and the Plaintiff's assertions and found the complaining witness more credible than Plaintiff and the evidence

supporting his version of the story. Vanderbilt had no intention of conducting a fair and unbiased investigation, as evidence by their disregard of the complaining witnesses' involvement in the investigation.

Therefore, Plaintiff Z.J. submits he sufficiently pled breach of contractual and quasi-contractual claims throughout the Amended Complaint and is seeking appropriate and adequate relief.

## PLAINTIFF STATES FACTS SUFFICIENT TO ALLEGE STATE LAW TORT CLAIMS AND SEEKS ADEQUATE AND APPROPRIATE RELIEF

As to the essential elements of Z.J.'s state law tort claims (Count IV and Counts IV-IX, 2d Am. Compl. ¶¶ 159-158, 164-177), Z.J. submits Defendant Vanderbilt did owe a duty of care to Z.J. to afford him the same considerations of fundamental fairness in the investigation and covenant of good faith and fair dealings related to Defendant's "Fair Procedures" and under due process. Vanderbilt further conceded that Z.J. does have a relationship with the university that is "contractual in nature." Plaintiff adequately supports his state law claims throughout the complaint as a whole, setting forth the following specific examples, which include:

A. Negligence

1. When Defendant Vanderbilt accepted Plaintiff's enrollment as a student, they entered into a duty of care towards Plaintiff to conduct themselves in a manner consistent with the Student Handbook and in a non-negligent manner and to conduct an investigation in a way indifferent to the truth. (2d Am. Compl. ¶¶ 165-166)

B. Intentional Infliction of Emotional Distress

1. Defendant Vanderbilt's conduct towards Plaintiff during the investigation, appeal and expulsion was intentional and reckless and so

outrageous … has significantly unpaired Plaintiff's daily life. (2d Am. Compl. ¶¶ 176-177)

C. Defamation

1. Published to multiple third parties via the Vanderbilt warning system and to the Director of Student Accountability. (2d Am. Compl. ¶ 156)

Therefore, Plaintiff Z.J. submits he sufficiently pled his state law tort claims throughout the Amended Complaint and is seeking appropriate and adequate relief.

## CONCLUSION

In conclusion, the Plaintiff submits the Defendant is using a second motion to dismiss as a delay tactic in an effort to negate having to file an answer to the Plaintiff's amended complaint allowing this matter to proceed before the Court. For the reasons stated above, the Defendant Vanderbilt's (second) Motion to Dismiss should be denied in its entirety.

Respectfully submitted,

*s/ Rob McKinney*

Rob McKinney (#16807)
One Washington Square, Suite 400
214 Second Avenue North
Nashville, TN 37201
(615) 256- 7337
rob@maymckinneylaw.com

*Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify on the 4th day of May, 2018 that a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to:

Bruce M. Berman, Esq. (*pro hac vice*)
Danielle Conley, Esq. (*pro hac vice*)
WILMER CULTER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000 (phone)
(202) 663-6363 (fax)
Bruce.berman@wilmerhale.com
Danielle.conley@wilmerhale.com

Tim K. Garrett (BPR#012083)
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200
tgarrett@bassberry.com

Sheree C. Wright (BPR# 011195)
Senior Associate General Counsel
Office of the General Counsel
Vanderbilt University
2100 West End Avenue, Suite 759
Nashville, TN 37203
Sheree.wright@vanderbilt.edu

_____
Rob McKinney