UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Z.J., <br> Plaintiff, <br><br> v. <br><br> THE VANDERBILT UNIVERSITY, <br> Defendant. | Case No. 3:17-cv-00936 <br><br> Judge Crenshaw <br><br> Magistrate Judge Holmes |

### REPLY IN SUPPORT OF DEFENDANT VANDERBILT UNIVERSITY'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

The Court gave Plaintiff Z.J. the opportunity to show that Vanderbilt's decision to expel him for engaging in sexual assault, including attempted non-consensual sexual intercourse, could plausibly have been the product of an erroneous outcome, selective enforcement, deliberate indifference, or archaic assumptions. Z.J. has not done so. Nor has he shown why any of his state-law claims should not be dismissed.

### I.    Z.J. Fails To State A Claim For Violation Of Title IX Under Any Theory

As Z.J. concedes, a "plaintiff cannot rely on 'legal conclusions' or '[t]hreadbare recitals of the elements of a cause of action,' but, instead, the plaintiff must plead 'factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.'" Doc. 36 at 4 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Yet Z.J. has failed to provide the "factual enhancement" needed to "nudge" his claim of discrimination "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546, 570 (2007).

Specifically, Z.J. has failed to allege in a non-conclusory fashion "facts showing 'a "particularized ... causal connection between the flawed outcome [of the Title IX proceedings] and gender bias."'" *Doe v. Miami Univ.*, 882 F.3d 579, 593 (6th Cir. 2018). Instead, Z.J.'s

Opposition cites to paragraphs 147, 190-193, and 201-202 of the Second Amended Complaint, each of which simply restates the conclusion that Vanderbilt disciplined Z.J. due to his gender.[1]

Z.J. also highlights the Second Amended Complaint's allegations (¶¶ 184-185) that Vanderbilt acted in a biased manner by failing to investigate A.H. "after obtaining information indicating she, too, may have violated the policy," even though, according to Z.J., she and Z.J. "were similarly situated intoxicated students." But Z.J. does not allege how A.H. may have violated Vanderbilt's Sexual Misconduct Policy, so he has not provided the "factual content" necessary for the Court to draw an inference of gender bias. *Iqbal*, 556 U.S. at 678. And Z.J.'s own allegations reflect that he and A.H. were not similarly situated: Z.J., not A.H., sought to initiate sexual contact, *see* 2d. Am. Compl. ¶ 15 n.4; A.H., not Z.J., alleged physical assault and attempted non-consensual sexual intercourse, *id*. ¶ 82; and A.H., not Z.J., alleged that she was unable to provide effective consent, *id*. ¶¶ 15, 67.f. These differences provide an "obvious alternative explanation" for why Vanderbilt investigated Z.J. and not A.H. *Twombly*, 550 U.S. at 567; *Doe v. Univ. of Col., Boulder*, 255 F. Supp. 3d 1064, 1079 (D. Colo. 2017) ("[T]he inference of pro-victim bias is an 'obvious alternative explanation,' that overwhelms any potential inference of gender bias.") (internal citation omitted); *see also Stenzel v. Peterson*, 2017 WL 4081897, at *6 (D. Minn. Sept. 13, 2017) (university's failure to initiate investigation did not support inference of gender bias, since plaintiff did not make a report of sexual misconduct).

---

[1] 2d Am. Compl. ¶ 147 ("Defendant Vanderbilt imposed a disciplinary sanction of expulsion against the Plaintiff due to his gender."); *id*. ¶ 190 ("The Plaintiff alleges selective enforcement in the disciplinary hearings based on his gender."); *id*. ¶ 191 ("The Plaintiff alleges that he was singled out for enforcement of Title IX proceedings based on his gender."); *id*. ¶ 192 ("The Plaintiff did not have sexual control over A.H. or subject her to dating violence."); *id*. ¶ 193 ("The Plaintiff intends to prove during the discovery process he was expelled with no other less drastic options being made available to him based on his gender."); *id*. ¶ 201 ("The Defendant made a credibility finding of the complaining witness that she was telling the truth based on her gender."); *id*. ¶ 202 ("The Defendant's findings at the disciplinary process clearly favored one gender over another on credibility.").

Finally, Z.J. points to an "unrelated … high profile incident" of sexual assault, Doc. 36 at 5, which he asserts caused the University "to be overzealous in the prosecution of Plaintiff due to his gender," 2d Am. Compl. ¶ 197. But nowhere does he explain how that widely reported incident—in which Vanderbilt expelled four football players suspected of and later prosecuted for sexual assault—would have biased Vanderbilt against Z.J. Plaintiff does not (and could not) allege that Vanderbilt was criticized "for failing to take seriously complaints by female students alleging sexual assault by males." *Doe v. Lynn Univ., Inc.*, 235 F. Supp. 3d 1336, 1340 (S.D. Fla. 2017). For this Court to infer gender bias from external pressures, Z.J. must show that "public pressure targeted the specific disciplinary action being challenged." *Doe v. Univ. of Cincinnati*, 2018 WL 1521631, at *6 (S.D. Ohio Mar. 28, 2018). He has not done so.

## II. The Complaint Identifies No Breach of Vanderbilt's Sexual Misconduct Policy

Z.J.'s real claim is that Vanderbilt wrongly decided A.H.'s complaint. But mere disagreement with the outcome of a university's misconduct investigation does not support a breach-of-contract claim. "Absent any allegation that the [disciplinary body] failed to comply with the relevant procedural requirements," this court must "decline to construe the Student Handbook as requiring a particular outcome." *Anderson v. Vanderbilt Univ.*, 450 F. App'x 500, 502 (6th Cir. 2011). To survive a motion to dismiss, Z.J. must allege facts to show that the Vanderbilt failed to adhere to its existing policies and procedures for handling sexual misconduct cases. He did not do so in his Second Amended Complaint, Doc. 27, at 14-21, and has not even attempted such an argument in his Opposition, Doc. 36 at 5-6.

At bottom, Z.J.'s Opposition merely repeats the Second Amended Complaint's fact-free allegations that Vanderbilt breached its contract with Z.J. by "conduct[ing] [its] investigation and review with a bias, and discriminat[ing] against the Plaintiff's statements based on his gender." 2d Am. Compl. ¶ 123. Such conclusory allegations are insufficient, *see Mixon v. Ohio*, 193 F.3d

3

389, 400 (6th Cir. 1999), especially where, as here, the plaintiff must overcome the presumption of honesty and integrity that attaches to actions by university disciplinary authorities. *See Atria v. Vanderbilt Univ.*, 142 F. App'x 246, 256 (6th Cir. 2005) (absent showing of "actual bias," university disciplinary officials presumed to have acted properly).

Z.J.'s quasi-contract claims are likewise deficient. To plead a quasi-contract claim, Z.J. must identify some promise or obligation—*i.e.*, an extracontractual agreement or contract implied in law—that Vanderbilt failed to keep. *Thomas Energy Corp. v. Caterpillar Fin. Servs. Corp.*, 2014 WL 7366676, at *7 (Tenn. Ct. App. Dec. 26, 2014); *Overstreet v. TRW Commercial Steering Div.*, 256 S.W.3d 626, 632 (Tenn. 2008). But nowhere—in his Second Amended Complaint or his Opposition—does Z.J. allege that Vanderbilt promised him anything other than to follow the Policy. *See* 2d Am. Compl. ¶ 134; Doc. 36 at 5.

### III. Z.J. Fails To State A Claim For Negligence, Negligence *Per Se*, Or Gross Negligence

Z.J. agrees (at 6) that any duty Vanderbilt owed him arises out of the parties' contract. Since he has abandoned his negligence, negligence *per se*, and gross negligence claims, they must be dismissed. *Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013).

### IV. Z.J.'s Remaining State-Law Tort Claims Also Fail

Z.J.'s claim for intentional infliction of emotional distress cannot survive Vanderbilt's Motion. In particular, Z.J. has not even tried to distinguish this case from the decisions by district courts across the country concluding that conduct of a university disciplinary investigation does not constitute "outrageous" conduct. *See, e.g.*, *Doe v. Coll. of Wooster*, 243 F.3d 875, 895 (N.D. Ohio 2017); *Austin v. Univ. of Or.*, 205 F. Supp. 3d 1214, 1229-1230; *Routh v. Univ. of Rochester*, 981 F. Supp. 2d 184, 214-215 (W.D.N.Y. 2013); *Doe v. Univ. of the South*,

4

2011 WL 1258104, at *16 (E.D. Tenn. Mar. 31, 2011); *Fellheimer v. Middlebury Coll.*, 869 F. Supp. 238, 247 (D. Vt. 1994).

Z.J.'s defamation claim fails because the Second Amended Complaint contains—and his Opposition repeats—only the vague assertion that defamatory statements were "[p]ublished to multiple third parties via the Vanderbilt warning system." Dkt. 36 at 7. Z.J. has not alleged what was published, whether his name was mentioned, who was notified, when any allegedly defamatory statement was made, or any of the other elements that must be specifically pled to state a claim for defamation. *See Handley v. May*, 588 S.W.2d 772, 775 (Tenn. Ct. App. 1979) ("if the complaint is so vague that a court cannot ascertain the nature of the alleged slander, it is insufficient").

## CONCLUSION

The Second Amended Complaint should be dismissed in its entirety.

Dated this 11th day of May, 2018.

Respectfully submitted,

By: /s Bruce M. Berman

| | |
|---|---|
| Bruce M. Berman (admitted *pro hac vice*) | Tim K. Garrett (BPR# 012083) |
| Danielle Conley (admitted *pro hac vice*) | Bass, Berry & Sims PLC |
| Wilmer Cutler Pickering Hale and Dorr LLP | 150 Third Avenue South, Suite 2800 |
| 1875 Pennsylvania Avenue NW | Nashville, TN 37201 |
| Washington, DC 20006 | (615) 742-6270 (phone) |
| (202) 663-6000 (phone) | (615) 742-2770 (fax) |
| (202) 663-6363 (fax) | tgarrett@bassberry.com |
| bruce.berman@wilmerhale.com | |
| danielle.conley@wilmerhale.com | Sheree C. Wright (BPR# 011195) |
| | Senior Associate General Counsel |
| | Office of the General Counsel |
| | Vanderbilt University |
| | 2100 West End Avenue, Suite 759 |
| | Nashville, TN 37203 |
| | sheree.wright@vanderbilt.edu |

***Attorneys for The Vanderbilt University***

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of May, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to:

Rob McKinney
One Washington Square, Suite 400
214 Second Avenue North
Nashville, TN 37201
rob@maymckinneylaw.com

/s/ Bruce M. Berman
Bruce M. Berman